*In re* CONFERENCIA JUDICIAL DE PUERTO RICO.

*Número:* —— —— ——      *Resuelto:* 18 de junio de 1993

## RESOLUCIÓN

Como corolario de la decisión emitida en *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993), se constituye el Comité Asesor sobre Asignación de Abogados de Oficio en Causas Criminales, adscrito al Secretariado de la Conferencia Judicial, con el objetivo de que estudie y le someta recomendaciones al Tribunal sobre la problemática de la asignación de abogados de oficio en causas criminales. Ello con el propósito de que el Tribunal, al amparo de su poder inherente de reglamentar la profesión de abogado, implante un sistema uniforme a esos efectos.

Dicho Comité Asesor estará integrado por las personas siguientes:

1. Hon. Jorge Segarra Olivero, *Presidente*
2. Hon. René Arrillaga Beléndez
3. Hon. Fernando Gierbolini Borelli
4. Hon. Procurador General de Puerto Rico
5. Presidente del Colegio de Abogados de Puerto Rico
6. Director Ejecutivo de la Sociedad para Asistencia Legal
7. Lcdo. Harry Anduze Montaño
8. Lcdo. Manuel Martínez Umpierre
9. Lcdo. Harry N. Padilla Martínez
10. Prof. Olga E. Resumil de San Filippo

11. Prof. Migdalia Fraticelli

Notifique el señor Secretario General del Tribunal copia de la presente resolución a las personas designadas.

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió Voto disidente.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

**– O –**

Voto disidente del Juez Asociado Señor Negrón García.

Los fundamentos expuestos en nuestro disenso en *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993), nos impiden suscribir la resolución del Tribunal. Es inconstitucional imponer *sólo* a los abogados criminalistas del país la representación de oficio de los indigentes, ya que el deber ético en que esa encomienda se funda, en su origen, es de *todos los abogados.*

La resolución de hoy simplemente sirve para confirmar ese *desigual* e *injusto* tratamiento que no quedará superado por que se reglamente uniformemente. *Subsistirá siempre la carga selectiva y discriminada.*

Reiteramos que de "su faz, el remedio es trunco, ya que habiendo alternativas racionales, preserva un modus operandi ARBITRARIO. Además, es patentemente *INJUSTA,* pues ignora las realidades de la gran masa de puertorriqueños pobres, quienes diariamente carecen de asesoramiento legal para canalizar adecuadamente sus necesidades y, a la par, se exponen a que se les dispense justicia en estado de indefensión". *Ramos Acevedo v. Tribunal Superior,* supra, pág. 624, opinión disidente.

Pierde el Tribunal la ocasión histórica de extender la representación gratuita a los pobres del país en causas civiles. La *"única* forma en que puede sostenerse la validez de la designación de abogados de oficio en el área de lo criminal es imprimirle *al abogado, como clase, una nueva dimensión y retomar conciencia solidarista de que es un instrumento de la paz social, forjador dinámico del derecho y socio-gestor de la justicia.* Exige adoptar un sistema integral, abarcador y compulsorio mediante el cual todo abogado —salvo excepciones justificadas— *provea un mínimo anual de servicios a los pobres"*. (Énfasis suplido y en el original.) Íd., pág. 624.